IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARIN, ) | No. CV-F 05-1400  AWI |
| ) | |
| Petitioner, ) | (No. CR-F 02-5196  AWI) |
| ) | |
| v. ) | |
| ) | ORDER ON PETITIONER'S |
| UNITED STATES OF AMERICA, ) | REQUEST FOR RELIEF UNDER |
| ) | 28 U.S.C. § 2255 |
| Respondent. ) | |
| _____) | |

Petitioner David Marin ("Petitioner") seeks relief under 28 U.S.C. § 2255 from the sentence of 36 months custody in the Bureau of Prisons that was imposed by this Court on August 23, 2004, following Petitioner's entry of a plea of guilty to one count of felon in possession of a firearm and firearm ammunition under 18 U.S.C. § 911(g)(1).  Petitioner's appeal was denied by the Ninth Circuit on July 8, 2005, and certiorari was denied by the U.S. Supreme Court on October 31, 2005.  Petitioner's § 2255 motion was timely filed on November 8, 2005.  For the reasons that follow, Petitioner's motion will be denied.

**Background**[1]

Petitioner and two co-defendants (Bush and Ford) were initially charged with conspiring to possess and distribute cocaine and possession with intent to distribute cocaine on March 23,

---

[1] The background facts recited are consistent with the factual recitations found in the "Facts" sections of Petitioner's § 2255 brief, co-defendant Ford's motion to suppress (which was joined by Petitioner), and the Government's opposition to the motion to suppress.  The significance of the motion to suppress is discussed below.

2001, in case number 1:01 CR 5137 (hereinafter "the First case"). The charges arose from a reverse sting operation involving Petitioner and an informer. In summary, over a series of several days, Petitioner negotiated and agreed to purchase 10 kilos of cocaine at $14,500 per kilo, and, on the day of the arrest, Petitioner took a sample of part of 1 kilo. Also on the day of the arrest, the informer wanted to see Petitioner's money and Petitioner wanted to see the 10 kilos. Petitioner showed the informant some money in a bag that Petitioner was holding, but refused a request by the informant for a closer inspection. After a suspension of negotiations, Petitioner told the informant that there was $65,000 in the bag he was holding and the rest of the money was in two other bags. An impasse was reached in that Petitioner would not show all of the money and the informant would not show all of the kilos. Petitioner then indicated that there would be no deal and walked off. The informant contacted the police and the police arrested Petitioner, Ford, and Bush. When the police arrived on scene, all three were standing by a car and four bags were near them on the ground. The bags were searched, some of which belonged to Ford and others to Petitioner. In petitioner's bags was found a firearm and approximately $7,800.

Ford filed a motion to suppress and argued that no probable cause existed for the arrest and the warrantless search of the bags was unreasonable. Petitioner joined this suppression motion. The Court conducted a hearing on November 26, 2001, and denied the motion.

On June 6, 2002, a new indictment against Marin was filed and case number 1:02 CR 5196 (hereinafter "the Second case") was opened. Charges in this indictment included felon in possession of a firearm. On July 8, 2002, the complaint against Petitioner in the First case was dismissed without prejudice at the request of the prosecutor. Petitioner pled guilty to count one of the indictment in the Second case (felon in possession of a firearm) in November 2003 and was sentenced in August 2004.

## Legal Standard

*General 28 U.S.C. § 2255*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996).  Mere conclusory statements or statements that are inherently incredible in a § 2255 motion, however, are insufficient to require a hearing.  United States v. Howard, 381 F.3d 873, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief.  Howard, 381 F.3d at 877.

**Petitioner's Argument**

The only ground listed in Petitioner's petition is "probable cause motion to suppress." See Court's Docket Doc. No. 92.  Through an attached brief, Petitioner argues that there was no probable cause to believe that he was guilty of committing the crime of attempt to possess cocaine since he had abandoned any attempt to purchase drugs when he told the informant that the deal was off.  Petitioner also argues that the search of the brief case/bag was unreasonable since Petitioner, Ford, and Bush were in custody and safely away from the bag before the search.

**Discussion**

Relief is not warranted.  These identical arguments were previously rejected by this Court at the November 26, 2001, suppression hearing.  After listening to arguments from the parties at the motions hearing in the First case, the Court denied the motion to suppress and found that probable cause existed for Petitioner's arrest and that the search of the Petitioner's bag/brief case

1  was reasonable.  See First Case Docket Doc. No. 144 & November 26, 2001 Transcript at pp. 67-
2  76.  As to probable cause, the Court found that there had been significant planning by Petitioner
3  to purchase cocaine, Petitioner showed the money to the informant, and that the only thing that
4  prevented the purchase of cocaine was a lack of $145,000.  That is, the evidence showed an
5  intent and an attempt to purchase cocaine by Petitioner, and there was insufficient evidence of
6  abandonment to negate Petitioner's attempted purchase.  See id.  Thus, there was probable cause
7  to believe that Petitioner attempted or conspired to possess cocaine.[2]  As to the search of
8  Petitioner's bag, the Court relied primarily on the declaration of Detective Tello and found that
9  Petitioner, Ford, and Bush were all in close proximity to each other, were in close proximity to
10 the four bags that were searched at the time of their detention, and that the time that elapsed from
11 taking Petitioner's arrest to the search of the bags was not so long as to require a warrant.  See
12 id.; see also Tello Declaration found at First Case Docket Doc. No. 132 Exhibit A.  In other
13 words, the Court found that the search of the bags was reasonable.

14      Petitioner's § 2255 brief is virtually identical to the suppression brief filed by Ford.  Cf.
15 Case No. 1:01 CR 5137, Document No. 106 with Case No. 1:02 CR 5196, Document No. 92.
16 The Court rejected at the suppression hearing the exact arguments that are now raised in
17 Petitioner's § 2255 petition.  In essence, this petition is a belated request for reconsideration.
18 However, Petitioner has presented no new arguments and no new evidence that would indicate
19 that the Court erred in its original determination.  Since no change in the law or facts has been
20 presented, for the same reasons as the Court explained at the November 26, 2001 hearing,
21 suppression is inappropriate and § 2255 relief is inappropriate.  Cf. Walter v. United States, 969
22 F.2d 814, 816 (9th Cir. 1993) ("Nevertheless, when a federal prisoner presents a claim in a §
23 2255 petition that he has presented previously, the federal court retains the discretion to refuse to
24 consider the claim on the basis that the prisoner is abusing the writ.").

---

[2] Petitioner's direct appeal was based partly on the denial of a motion to suppress filed in the Second case. The suppression motion argued that probable cause was tainted due to entrapment; the Ninth Circuit rejected the argument.  United States v. Marin, 138 Fed. Appx. 945, 946 (9th Cir. 2005).  Issues decided on direct appeal may not form the basis of a § 2255 petition.  See United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972).  Since the outcome will not change, the Court assumes without deciding that the Ninth Circuit's opinion did not resolve implicitly Petitioner's abandonment argument.

Accordingly, IT IS HEREBY ORDERED that Petitioner's requested relief under 28 U.S.C. § 225 is DENIED.

IT IS SO ORDERED.

Dated:   October 5, 2007                              /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE